NO. 07-03-0038-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS


 

AT AMARILLO



PANEL A



APRIL 17, 2003



______________________________




DAVID SOLOMON MAZE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL JUDICIAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 78589; HONORABLE LARRY GIST, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


ABATEMENT AND REMAND


 Pending in this court is an appeal by David Maze, appellant, in which appointed
counsel for appellant has filed a brief in accordance with the principles set out in Anders
v. California, 386 U.S. 738 (1967). Appellant has advised this court, both by pro se
motions and correspondence, that he desires to file a pro se response to his counsel's
Anders brief, but that he has been unable to access a copy of the clerk's records for his
conviction despite repeated attempts and requests. The appeal has been abated pending
appellant's having been afforded access to the clerk's record for his conviction.

 This court's previous order abating the appeal is continued pending further order
of this court. Additionally, this cause is remanded to the Criminal District Court of
Jefferson County (the trial court). Upon remand, the judge of the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine: (1) whether
appellant has or has had sufficient access to the clerk's record on appeal or a copy of the
clerk's record on appeal in this matter to afford appellant a reasonable time to prepare a
pro se response to his appellate counsel's Anders brief; and (2) if appellant does not have
or has not had reasonable access to the clerk's record on appeal or a copy thereof, then
what orders, if any, should be entered to assure such access by appellant to the record. 
Additionally, the trial court is directed to enter orders, if any, which it determines should
be entered to assure appellant such access to a copy of the clerk's record on appeal as
is reasonable for appellant to prepare a response to appellant's counsel's Anders brief. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) make and file
appropriate findings of fact, conclusions of law and recommendations, and cause them to
be included in a clerk's record on remand; (3) enter any orders appropriate to the
circumstances; (4) cause the hearing proceedings to be transcribed and included in a
reporter's record; and (5) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerk's record or the reporter's record. 
In the absence of a request for extension of time from the trial court, the clerk's record on
remand, reporter's record of the hearing and proceedings pursuant to this order, and any
additional proceeding records, including any orders, findings, conclusions and
recommendations, are to be sent so as to be received by the clerk of this court not later
than May 16, 2003. 

 

 Per Curiam



Do not publish.